Columbus Bar Association v. Garrison.
[Cite as Columbus Bar Assn. v. Garrison (1994),     Ohio
St.3d     .]
Attorneys at law -- Misconduct -- Permanent disbarment --
     Engaging in illegal conduct involving moral turpitude,
     dishonesty, fraud, deceit or misrepresentation -- Engaging
     in conduct that is prejudicial to the administration of
     justice -- Engaging in conduct that adversely reflects on
     fitness to practice law -- Failing to promptly notify
     client of receipt of funds -- Failing to identify and
     label securities and properties of client promptly --
     Failing to maintain complete records of all funds of
     client and rendering appropriate accounts to client --
     Failing to promptly pay or deliver to client as requested
     funds in lawyer's possession -- Failing to cooperate with
     disciplinary investigation.
     (No. 93-2520 -- Submitted January 26, 1994 -- Decided
March 23, 1994.)
     On Certified Report by the Board of Commissioners on
Grievances and Discipline of the Supreme Court, No. 93-46.
     In a three-count complaint filed on August 16, 1993, the
Columbus Bar Association, relator, charged respondent, Thomas
Wayne Garrison of Columbus, Ohio, Attorney Registration No.
0046401, with the following misconduct:
     (1) two violations of DR 1-102(A)(3) (engaging in illegal
conduct involving moral turpitude);
     (2) two violations of DR 1-102(A)(4) (engaging in conduct
involving dishonesty, fraud, deceit, or misrepresentation);
     (3) two violations of DR 1-102(A)(5) (engaging in conduct
that is prejudicial to the administration of justice);
     (4) two violations of DR 1-102(A)(6) (engaging in any
other conduct that adversely reflects on fitness to practice
law);
     (5) one violation of DR 9-102(B)(1) (failing to promptly
notify client of the receipt of his funds, securities, or other
properties);
     (6) one violation of DR 9-102(B)(2) (failing to identify
and label securities and properties of a client promptly and
storing them securely);
     (7) one violation of DR 9-102(B)(3) (failing to maintain
complete records of all funds, securities, and other properties
of client and rendering appropriate accounts to client);
     8) one violation of DR 9-102(B)(4) (failing to promptly
pay or deliver to client as requested funds, securities, or
other properties in lawyer's possession); and
     (9) one violation of Gov. Bar R. V(4)(G) (failing to
cooperate with disciplinary investigation).
     A panel of the Board of Commissioners on Grievances and
Discipline of the Supreme Court ("board") considered this
matter on relator's motion for default judgment with supporting
affidavits.
     As to count one, on September 12, 1989, respondent, who
worked as an insurance agent and broker and did not actively
practice law, obtained a loan for $28,000 secured by an
open-end mortgage on his and his then wife's personal
residence.  Respondent signed his wife's name on the mortgage
deed without her knowledge or consent.  Ultimately, respondent

defaulted on the loan, and the mortgagor foreclosed on the property and sold it. This forced respondent's wife and their minor children from the residence.

In count two, respondent gained access to Martha Howson's personal checking account and the balance of her assets through a durable general power of attorney. Howson, a twenty-year acquaintance of respondent, was a widow and resided at the Worthington Village Christian Retirement Home.

Thereafter, respondent spent Howson's funds for his own operating expenses and personal use without her knowledge or consent. Evidencing loans by ninety-day cognovit notes signed only by respondent, respondent spent more than $214,000 of Howson's money. He has yet to repay her.

As to count three, relator persistently notified respondent of the actions filed against him. However, respondent failed to reply. Relator urged that respondent be permanently disbarred from the practice of law in Ohio.

The panel found that respondent committed all violations as charged in relator's complaint and recommended that respondent be permanently disbarred. The board adopted the findings of fact and conclusions of law of the panel and also recommended that respondent be permanently disbarred from the practice of law.

Bruce A. Campbell, Gus Robbins-Penniman and Donna Prehm, for relator.

Per Curiam. After reviewing the record, we agree with the findings of fact, conclusions of law, and recommendation of the board. We hereby permanently disbar respondent from the practice of law in Ohio and tax costs to him.

Judgment accordingly.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick, F.E. Sweeney and Pfeifer, JJ., concur.